IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
01 JAN 31 PM 4:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JOE E. MEDDERS, | } |
| Plaintiff, | } |
| v. | } CASE NO. CV 99-B-2097-NW |
| ALLSTATE INSURANCE COMPANY, | } |
| Defendant. | } |

ENTERED
FEB - 1 2001

## MEMORANDUM OPINION

Currently before the court is Defendant's Motion for Summary Judgment, filed by Allstate Insurance Company ("defendant" or "Allstate"). Plaintiff Joe E. Medders ("plaintiff" or "Medders") filed this action in the Circuit Court of Lauderdale County, alleging fraud, bad faith, and breach of contract in connection with benefits allegedly owed for medical treatment under the ALLCARE plan, an employer-provided welfare benefit plan.[1] Because the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* provides the exclusive remedy for the enforcement of rights arising under any employer maintained "employee welfare benefit plan," defendants removed this case to federal court.[2] Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Motion is due to be granted.

---

[1] This case was originally assigned to Senior District Judge Seybourn Lynne. It was reassigned to the undersigned judge on October 2, 2000.

[2] ERISA preemption is not at issue in this Motion. Plaintiff's state law claims have already been struck, without opposition from plaintiff, and plaintiff has substituted a claim for benefits under ERISA. (*See* Order dated October 13, 1999; Plaintiff's Amended Complaint.) Thus, it is undisputed that this action can only be maintained under ERISA.

15

## I. FACTUAL SUMMARY

Prior to July 1, 1998, plaintiff was employed by Northwestern Mutual Insurance Company ("Northwestern") as an insurance agent. (PX A at 1.)[3] Plaintiff worked in this capacity for approximately twenty years. (*Id.*) As an employee of Northwestern, plaintiff, plaintiff's wife, and plaintiff's daughter were afforded full major medical care benefits and privileges. (PX A at 1; PX B at 1.) Allstate contacted plaintiff in May of 1998, regarding employment as a "life-specialist." (*Id.*) Plaintiff alleges that defendant represented to him that his entire family would be covered under Allstate's major medical plan. (*Id.*) Plaintiff's daughter, Jennie Linn Medders,[4] is disabled. (*See id.*) Plaintiff asserts that it was understood that in order for plaintiff to leave his employment with Northwestern, defendant would have to continue providing benefits for his daughter under Allstate's major medical plan. (*Id.*) Based on representations that plaintiff's daughter would be covered under plaintiff's health care plan, plaintiff left his employment with Northwestern and allowed his existing medical coverage with Northwestern to lapse. (PX A at 1.)

Plaintiff was employed by Allstate from approximately July 1, 1988, until April 30, 1999. (Defendant's First Request for Admissions ("Def.'s Req."), attached as Ex. A to defendant's Motion to Deem Requests Admitted and deemed admitted by Order entered December 8, 1999, at No. 1.) During this time, Allstate offered health care coverage to its

---

[3] Plaintiff submitted a Brief in Response to Allstate Insurance Company's Motion for Summary Judgment ("Pl.'s Br.") on December 20, 1999, to which he attached evidence. Such evidence will be referred to throughout this opinion as "PX," followed by the corresponding letter.

[4] The court notes that plaintiff's daughter's name is spelled several different ways in the various memoranda before the court.

employees, including plaintiff, pursuant to the ALLCARE plan ("the Plan"). (*Id.* at No. 2.) The Plan is an employer-provided welfare benefit plan, as defined by 29 U.S.C. § 1002(1) of ERISA. (*Id.* at No. 3.) Regarding coverage of dependents, the Plan provides:

> Those eligible for Dependent Coverage are:
> 
> - your lawful spouse;
> 
> - your unmarried children who depend on you for over one-half of their financial support and who are:
> 
>   – less than 19 years old; or
> 
>   – less than 25 years old and a full-time student in a secondary school (including a technical/vocational institute which offers a certificate/degree), college or university; or
> 
>   – a child with a mental or physical disability, regardless of age, **provided such child was covered in the Plan immediately prior to age 25** and is incapable of self-sustaining employment.

(The ALLCARE Summary Plan Description, attached as Ex. A. to Def.'s Req., at 2.05.) (emphasis added.)

Plaintiff completed Allstate's Medical Enrollment Form upon which he indicated that he desired coverage for "Plan Participant + 2 or more" and listed himself, his wife, and his daughter as covered individuals. (PX C.) The box completed by the Allstate Human Resources department indicated that coverage was to become effective on July 1, 1998. (*Id.*) Plaintiff also contends that after he began employment with defendant, he called Allstate to inquire as to why he had not yet received his medical insurance cards and was again told that his family would have full coverage. (PX A at 1.) Subsequent to this call, plaintiff received insurance cards indicating that he was enrolled in the family coverage plan. (PX A at 1; *see also* PX D, PX E.)

Plaintiff's daughter, Jennie Linn Medders, was born on April 28, 1968. (Def.'s Req. at No. 4.) She was thirty years old at the time plaintiff first became employed by defendant. Plaintiff's daughter was not enrolled in the Plan immediately prior to her twenty-fifth birthday. (Def.'s Req. at No. 5.) Plaintiff's daughter incurred significant medical bills as a result of an accident. (PX A at 2; PX B at 2.) On February 18, 1999, Rodney Daniels, the Plan administrator for Allstate, informed plaintiff that Allstate was denying all claims concerning plaintiff's daughter. (PX A at 2; PX F.) Daniels further stated: "You are currently enrolled for employee plus spouse coverage. The copy of the identification card you provided was issued in error by the HMO. I apologize for any confusion this may have caused you." (PX F.)

Plaintiff seeks health insurance benefits for his daughter under the Plan. (Def.'s Req. at No. 6.) Plaintiff does not dispute that his daughter does not meet the eligibility requirements for coverage under the written terms of the Plan, but instead argues that she is entitled to coverage based upon oral representations made to him by Allstate personnel and because he was issued insurance cards indicating he had family coverage. (Pl.'s Br. at 4-6.) Specifically, plaintiff alleges:

> Plaintiff was not only assured orally that he would receive Allstate's medical plan for his entire family, he was given the actual medical cards that reflected Plaintiff had family coverage that would cover himself, his wife and [his] disabled daughter. So actually there were not modifications, oral or written to Allstate's plan for Plaintiff; Plaintiff was issued family coverage by the Defendant.

(*Id.* at 4.)

## II. SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

4

judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits or by the 'depositions, answers to interrogatories, and admission on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322.

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## III. DISCUSSION

ERISA is designed to federalize the regulation of employee benefit plans. *Glass v. United Omaha Life Ins. Co.*, 33 F.3d 1341, 1347 (11th Cir. 1994). Congress left gaps in ERISA which federal courts are expected to fill with "a federal common law of rights and obligations under ERISA-regulated plans." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56 (1987). This federal common law of ERISA may be influenced by state law, but must adhere to the congressional policy concerns underlying ERISA. *Glass,* 33 F.3d at 1347.

A.  **Estoppel**

Defendant argues that "Plaintiff's allegations concerning oral assurances about coverage for his daughter cannot, as a matter of law, alter the written terms of the Plan and therefore must be disregarded." (Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment ("Def.'s Br.") at 4.) Defendant further contends:

> Plaintiff . . . argues that the issuance of insurance cards to him and his wife somehow constitutes a written modification of the eligibility requirements for his daughter. . . . Other than these two cards, plaintiff does not argue that there is any other written modification of the plan. . . . Simply put, the cards do not change anything from the written plan. . . . The written terms of [the] plan are unambiguous; Plaintiff's proposed modification is, even under the most generous reading, entirely speculative. . . . Defendant is therefore entitled to summary judgment as a matter of law.

(Defendant's Reply Memorandum in Support of Summary Judgment ("Def.'s Reply") at 3-4.)

ERISA requires that employee benefit plans be "established and maintained pursuant to a written instrument." 29 U.S.C.§ 1102(a)(1). Further, ERISA forbids oral modification of employee benefit plan terms. *Nachwalter v. Christie,* 805 F.2d 956, 960 (11th Cir. 1986). The Eleventh Circuit "has created a very narrow common law doctrine under ERISA for equitable estoppel. . . . It is only available when (1) the provisions of the plan at issue are ambiguous, and

(2) representations are made which constitute an oral interpretation of the ambiguity. *Katz v. Comprehensive Plan of Group Insurance, ALLTELL Pension and Benefits Committee,* 197 F.3d 1084, 1090 (11th Cir. 1999) (citing *Glass,* 33 F.3d at 1347; *Kane v. Aetna Life Ins.,* 893 F.2d 1283, 1285-86 (11th Cir. 1990)). Therefore, a "federal common law claim of estoppel may be applied when an employee relies to his detriment, on an interpretation of an ambiguous provision in a plan by a representative of that plan." *Garcia v. Av-Med, Inc.,* 958 F.Supp. 592, 594 (M.D. Fla. 1997) (internal quotations and citations omitted). Estoppel is not available for either oral modifications (as opposed to interpretations) or when a written plan is unambiguous. *See Glass,* 33 F.3d at 1347; *Nachwalter,* 805 F.2d at 960. An "ambiguous" provision of an ERISA health benefit plan is a provision that invites more than one reasonable interpretation. *See Kane,* 893 F.2d at 1285. "As a general rule, whether or not a written contract is ambiguous is a question of law for the trial court." *Upton v. Mississippi Valley Title Ins. Co.,* 469 So. 2d 548, 553 (Ala. 1985). If the language of the employee benefit plan is unambiguous, then the text of the plan will control. *See Garcia,* 958 F.Supp. at 594. Thus, any interpretation offered by a plan representative that is contrary to the unambiguous terms of the plan is without effect because such an interpretation would constitute an oral amendment or modification of the plan. *Kulik v. Metropolitan Life Insurance Co.,* 1998 WL 404383, at *6 (M.D. Fla. February 25, 1998) (citing *Nachwalter,* 805 F.2d at 960).

   Plaintiff may not bring a federal common law claim for estoppel to challenge an alleged modification or amendment of an unambiguous provision by a plan representative. ERISA affords no remedy for defendant's oral representation that plaintiff's daughter would be covered under the Plan. Though it is unfortunate that an insurance company's agent may lead a policyholder to believe that an individual is covered when, in fact, he or she is not, the policies

underlying ERISA require a preference for written over oral contract terms. *Vershaw v. Northwestern National Life Insurance Co.,* 979 F.2d 557, 559 (7th Cir. 1992). Because the provision at issue in this case is not ambiguous and the communications involved did not constitute an interpretation of any ambiguity in the plan, the text of the plan controls and equitable estoppel is unavailable to plaintiff in his claim for ERISA benefits.

Further, ERISA explicitly requires that all modifications to an employee benefit plan be written, and all plan modifications must also conform to ERISA's formal amendment procedures. *See* 29 U.S.C. §§ 1102(a)(1), 1102(b)(3). Thus, only representations adopted in accordance with amendment procedures outlined in formal plan documents will suffice to incorporate promised benefits into an ERISA plan. 29 U.S.C. § 1104(a)(1)(D); *Elmore v. Cone Mills Corp.,* 23 F.3d 855, 861 (4th Cir. 1994). Additionally, 29 U.S.C. §§ 1021(a), 1022, and 1024 require plan administrators to provide plan participants with plan summaries which apprise the participants of the terms of the plans under which they are covered. 29 U.S.C. § 1022(b) requires the plan description and summary to contain, among other things, the plan's requirements respecting eligibility for participation and benefits.

The Plan at issue provides:

**Plan Amendment and Termination**

Although Allstate intends to continue the Plan, Allstate necessarily reserves the right to modify, amend, suspend, or terminate at any time, retroactively or otherwise, or to change the contribution amount required from Plan participants by resolution of the Board of Directors of Allstate or by a person duly delegated by the Board to take such action. The Plan's participants or beneficiaries do not have a vested right in any of the Plan's benefits.

(The ALLCARE Summary Plan Description, attached as Ex. A. to Def.'s Req., at 2.04.) The Plan further provides: "A clerical error will not void coverage which should be in force. Nor

8

will it continue coverage which should have ended." (*Id.* at 2.46.) Plaintiff has not alleged that he did not receive the Plan from Allstate apprising him of the eligibility requirements for his daughter. The Plan clearly advises the participants of the eligibility requirements for dependents. The insurance cards issued to plaintiff and his wife do not constitute formal plan documents. Further, the insurance cards are not enforceable as a written modification or amendment of the unambiguous plan documents.

**B.    Waiver**

Plaintiff does not dispute that his daughter fails to meet the eligibility requirements for coverage under the written terms of the plan. Plaintiff contends that *Nachwalter* and its progeny are not controlling in this case because he was not only assured orally that he would receive Allstate's medical plan for his entire family, but he was given the actual medical cards reflecting that he had family coverage. (Pl.'s Br. at 4.) Further, plaintiff argues that "there were not modifications, oral or written to Allstate's plan for Plaintiff; Plaintiff was issued family coverage by the Defendant." (*Id.*) Thus, plaintiff appears to argue that defendant waived the eligibility requirements for plaintiff's daughter.

Waiver is a distinct claim from equitable estoppel. *See Glass*, 33 F.3d at 1347. "Waiver is the voluntary, intentional relinquishment of a known right." *Id.* The Eleventh Circuit has left open the question of whether waiver is a valid theory of recovery under the federal common law interpreting ERISA. *Id.* at 1348 ("[W]e leave open whether in other circumstances waiver principles might apply under the federal common law in the ERISA context. However, we reject plaintiff's waiver argument under the circumstances of this case."). The court in *Glass* noted that the Fifth Circuit has held that, under the federal common law applicable to ERISA, an insurer may through its conduct waive a right that it might have otherwise had under an

insurance policy. *Id.* (citing *Pitts v. American Security Life Ins. Co,* 931 F.2d 351, 357 (5th Cir. 1991)). Further, at least one court in this Circuit has concluded that waiver is a valid theory of recovery under the federal common law interpreting ERISA. *See Burger v. Life Insurance Co. of North America,* 103 F. Supp. 2d 1344, 1348-49 (N.D. Ga. 2000.)

  Plaintiff has only produced two cards that defendant issued to him pursuant to the Plan, one in the name of Joe E. Medders, plaintiff, and one in the name of Linda B. Medders, plaintiff's wife. (PX D; PX E.) The insurance cards name the cardholder as a "member" and state that each member has family coverage. (*Id.*) Plaintiff's daughter is not named on either card, and plaintiff has not produced a card with his daughter listed as the member. (*See* PX D; PX E.) The cards do not purport to change the eligibility requirements of the written plan for plaintiff's daughter. (*See id.*) Other than these two cards, plaintiff has not produced any evidence in his attempt to establish that his daughter was covered under the Plan. Defendant issued these cards to plaintiff and his wife, both of whom were eligible for coverage under the written terms of the Plan. Plaintiff has not alleged that defendant issued an insurance card to his adult daughter, who was not eligible. Plaintiff has failed to produce sufficient evidence demonstrating that defendant knowingly and intentionally waived the eligibility requirements for plaintiff's daughter under the Plan.

  The court is of the opinion that the insurance cards Allstate issued to plaintiff and any representations made to plaintiff do not constitute a modification or a waiver of the terms of the written plan and, therefore, the eligibility requirements must be applied as written in the Plan. As noted, plaintiff's daughter is not covered under the Plan. Thus, defendant is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, the court is of the opinion that Defendant's Motion for Summary Judgment is due to be granted. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 31st day of January, 2001.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge